UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| OLGER NESTOR UREÑA FLORES, | \* | |
| MARIA SABINA FAJARDO DE UREÑA, | \* | |
| MERCEDES BALDROMINA FAJARDO ZUNIGA, | \* | |
| ANGELICA ANGELITA UREÑA FAJARDO and | \* | |
| MONICA BEATRIZ OBANDO FAJARDO, | \* | |
| | \* | |
| Plaintiffs | \* | NO.  3:08cv00884(AVC) |
| | \* | |
| vs. | \* | |
| | \* | January 22, 2013 |
| ANTONIO DIBENEDETTO a.k.a. ANTONIO | \* | |
| D. BENNETTO, | \* | |
| ANNA DIBENEDETTO, | \* | |
| GIOVANNI DIBENEDETTO, | \* | |
| FERDINANDO DIBENEDETTO, and | \* | |
| ROCCO'S PASTRY SHOP AND BAKERY LLC | \* | |
| | \* | |
| Defendants | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to, inter alia, the Fair Labor Standards Act, 29

U.S.C. § 201 et seq., 42 U.S.C. § 1981, and Connecticut law, challenging Defendants' over ten

year history of coercing Plaintiffs' labor at wages below those mandated by federal and state law.

2.      Plaintiffs seek to recover unpaid wages and other damages inflicted by

Defendants, who are owners, principals, employees and agents of Rocco's Pastry Shop a.k.a.,

Rocco's Bakery. Defendants exploited Plaintiffs by implementing a broad scheme of physical,

sexual and verbal abuse, psychological coercion, and threatened abuse of the legal process to

keep Plaintiffs in their control and working for less than the wages mandated by federal and state law.

     3.    Plaintiffs also seek recovery from a successor entity, Rocco's Pastry Shop and Bakery LLC.

**JURISDICTION AND VENUE**

     4.    The Court has jurisdiction pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b). This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

     5.    Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this action occurred within this judicial district and as all Defendants reside and may be found in this district.

**PARTIES**

<u>Plaintiffs</u>

     6.    Plaintiff Olger Nestor Ureña Flores (hereinafter, "Nestor Ureña") was at times relevant to this Complaint an employee of Defendants, as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq, and by Connecticut Wage and Hour Law, Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2).

     7.    Plaintiff Maria Sabina Fajardo de Ureña (hereinafter, "Maria Fajardo") was at times relevant to this Complaint an employee of Defendants, as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq, and by Connecticut Wage and Hour Law, Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2). She is the wife of Plaintiff Nestor Ureña.

     8.    Plaintiff Mercedes Baldromina Fajardo Zuniga (hereinafter, "Mercedes Fajardo") was at times relevant to this Complaint an employee of Defendants, as that term is defined by the

2

federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq, and by Connecticut Wage and Hour Law, Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2). She is the sister of Plaintiff Maria Fajardo.

9.     Plaintiff Angelica Angelita Ureña Fajardo (hereinafter, "Angelica Ureña") was at times relevant to this Complaint an employee of Defendants, as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq, and by Connecticut Wage and Hour Law, Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2). She is the daughter of Plaintiffs Nestor Ureña and Maria Fajardo.

10.     Plaintiff Monica Beatriz Obando Fajardo (hereinafter, "Monica Obando") was at times relevant to this Complaint an employee of Defendants, as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq, and by Connecticut Wage and Hour Law, Conn. Gen. Stat. §§ 31-58(f) and 31-71a(2). She is the daughter of Plaintiff Mercedes Fajardo.

11.     All Plaintiffs reside in the District of Connecticut.

Defendants

12.     Defendant Antonio DiBenedetto a.k.a. Antonio D. Bennetto (hereinafter "Antonio DiBenedetto") is the owner, operator, member, and manager of Rocco's Bakery, also known as Rocco's Pastry Shop (hereinafter, "Rocco's Bakery" or "the bakery"). At all times relevant to this Complaint, Defendant Antonio DiBenedetto had operational control over the payment of wages and compensation by Rocco's Bakery to its employees, including Plaintiffs.

13.     At all times relevant to the Complaint, Rocco's Bakery was a retail and wholesale bakery with places of business at 432 Ferry Street, New Haven, Connecticut 06513 and 121 Main Street, Meriden, Connecticut 06451.

3

14. Defendant Anna DiBenedetto is a co-owner, operator, member, and manager of Rocco's Bakery. At all times relevant to this Complaint, Defendant Anna DiBenedetto had operational control over the payment of wages and compensation by Rocco's Bakery to its employees, including Plaintiffs. She is also the wife of Defendant Antonio DiBenedetto.

15. Defendant Giovanni DiBenedetto is the son of Defendants Antonio and Anna DiBenedetto and was, at all times relevant to this Complaint, hired to work at Rocco's Bakery in a supervisory capacity which included supervision of Plaintiffs.

16. Defendant Ferdinando DiBenedetto is a son of Defendants Antonio and Anna DiBenedetto and was, at all times relevant to this Complaint, hired to work at Rocco's Bakery in a supervisory capacity which included supervision of Plaintiffs.

17. At all times relevant to this action, Defendants Antonio and Anna DiBenedetto were employers of each Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and Connecticut Wage and Hour Law, Conn. Gen. Stat. § 31-58 et seq.

18. At all times relevant to the Complaint and while employed by Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 206(a) and § 207(a)(1), in that they were employed in producing, manufacturing, handling, and otherwise working on baked goods that were sold by the Defendants to customers both within and outside Connecticut, for distribution within and outside Connecticut.

19. At all times relevant to the Complaint, Defendants employed two or more employees and were engaged in commerce or engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1), in that their employees engaged in commerce or in the production of goods for commerce, as described

4

above, or its employees were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its annual gross volume of sales made or business done was not less than $500,000.

20.     Defendant Rocco's Pastry Shop and Bakery LLC is a private for-profit limited liability corporation established by the DiBenedetto Defendants in 2011 which operates at the same address as Rocco's Bakery Shop. As set forth below, Defendant Rocco's Pastry Shop and Bakery LLC is a successor entity for purposes of liability.

21.     On or about August 5, 2011, the Defendants caused to be registered with the Connecticut Secretary of State's office a company known as Rocco's Pastry Shop and Bakery LLC. The documents registering the new company list Defendants Giovanni DiBenedetto and Fernando DiBenedetto as the principals and Defendant Giovanni DiBenedetto listed as agent for service.

22.     Rocco's Pastry Shop and Bakery LLC, is operated by the same individuals – that is, the named individual defendants in this civil action – that operated Rocco's Bakery.

23.     Rocco's Pastry Shop and Bakery LLC, operates at the same addresses and uses the same telephone numbers as Rocco's Bakery.

24.     Rocco's Pastry Shop and Bakery LLC, produces and sells the same lines of bakery goods to the same customers as Rocco's Bakery.

25.     Rocco's Pastry Shop and Bakery LLC, holds itself out to the public as a continuation of Rocco's Bakery.

26.     All Defendants reside or do business in the District of Connecticut.

## STATEMENT OF FACTS

27.     Plaintiffs are Ecuadorian Hispanics and speakers of an Ecuadorian regional dialect of Spanish and have limited formal education.

28.     Approximately fourteen years ago, Plaintiff Nestor Ureña was hired by Defendant Antonio DiBenedetto to work at Rocco's Bakery.

29.     Over the course of the next several years, a number of Plaintiff Nestor Ureña's family members, including Plaintiffs Maria Fajardo, Mercedes Fajardo, Angelica Ureña, and Monica Obando, were hired by Defendant Antonio DiBenedetto to work at Rocco's Bakery.

30.     Plaintiff Angelica Ureña began working full-time at Rocco's bakery at the age of thirteen. Defendant Antonio DiBenedetto was aware that Angelica Urena was under the age of eighteen when she began working at Rocco's Bakery.

Failure To Pay Wages

31.     As Defendants' employees, Plaintiffs prepared baked goods and cleaned and maintained industrial baking facilities. Plaintiffs—including Angelica who worked as a child — were responsible for lifting and moving large quantities of flour and other ingredients, baking breads and pastries, operating and maintaining industrial baking machines, and cleaning the facility itself, including the floors, walls, and bathrooms.

32.     Plaintiffs worked at both the bakery's retail location in New Haven, Connecticut, and at the factory location in Meriden, Connecticut. The factory location in Meriden, Connecticut, makes large quantities of broccoli and spinach bread which is primarily sold to commercial customers and moved in interstate commerce.

33.     Plaintiffs' work was jointly overseen and directed by Defendants. Defendants spoke to Plaintiffs using a mixture of Italian, Spanish, and English.

34.     Defendants were the ultimate authority in determining the number of workers to be hired, the tasks to be performed by each worker, the conditions of employment, and the wages to be paid.

35.     When Plaintiffs worked at the retail location of the bakery, they worked primarily in the back room where the baked goods were prepared.  The employees who worked in the front of the bakery, and who interacted with customers, were non-Hispanic.  Plaintiffs had limited interactions with either customers or the employees who worked in the front of the bakery.

36.     In the last several years, Defendants moved most of the male employees, including Plaintiff Nestor Ureña, to the night shift.  The day shift was then worked primarily by female employees, including female Plaintiffs Maria Fajardo, Mercedes Fajardo, Angelica Ureña, and Monica Obando.

37.     Defendants also selected female workers, including Plaintiffs Maria Fajardo, Angelica Ureña, and Monica Obando, to work at the Meriden location twice a week.  Often, Defendant Antonio DiBenedetto went to the Meriden location with only female workers, including Plaintiffs Maria Fajardo, Angelica Ureña, and Monica Obando.

38.     Plaintiffs who worked the day shift typically worked six days each week and regularly worked over eight hours a day.  During busy times, Plaintiffs who worked during the day shift worked as many as 12 hours a day.

39.     Plaintiffs who worked the day shift were denied lunch and bathroom breaks despite regularly working over eight hours a day.

40.     Plaintiff Nestor Ureña worked the night shift and regularly worked more than forty hours per week.

41. Defendants did not pay Plaintiffs the federal and/or Connecticut hourly minimum wage for each hour they worked.

42. Defendants did not pay Plaintiffs at the rate of one and one-half times their regular hourly rate for each hour worked in excess of forty hours a week.

43. Defendants did not keep accurate wage and hour records as required by federal and state law. Defendants did not display posters required by federal and state law showing employees' right to be paid a minimum wage for each hour worked and overtime wages for work in excess of forty hours a week.

44. Defendants always paid Plaintiffs in cash.

45. Although Plaintiffs repeatedly requested that they be paid by check, Defendants refused to do so.

Intolerable and Unlawful Working Conditions

46. Defendants Antonio, Ferdinando, and Giovanni DiBenedetto sexually, physically, and verbally abused the female Plaintiffs while they worked.

47. Defendant Antonio DiBenedetto engaged in unwanted touching of the female Plaintiffs, putting their hands on the Plaintiffs' breasts and buttocks, inside and outside of Plaintiffs' clothing.

48. When the female Plaintiffs asked Antonio DiBenedetto not to touch them, he said to them, "You want it," "You want me," and "You are in love with me."

49. On one occasion during the summer of 2007, Defendant Antonio DiBenedetto transported several female employees, including Plaintiff Angelica Ureña, to the Meriden location of the bakery. Defendant Antonio DiBenedetto pushed Plaintiff Angelica Fajardo out of the bakery area and into an office where he tried to take off her clothes. He grabbed her breasts

8

and rear end and pushed her on to a desk where she fell onto a metal machine that bruised her. He attempted to sexually assault her and only by calling for the help of a co-worker was she able to escape.

50.     On multiple occasions at the Meriden factory Defendant Antonio DiBenedetto forced the female Plaintiffs to watch him while he removed his clothes and walked around naked in front of them.

51.     Defendant Antonio DiBenedetto sexually propositioned the female Plaintiffs while they worked, telling them that if they allowed him to engage in sexual activity with them, Defendants would loan them money or not charge them rent.  Plaintiffs lived in housing owned by the defendants.

52.     When the female Plaintiffs did not have money to pay their rent, Defendant Antonio DiBenedetto demanded that the female Plaintiffs provide sex in exchange for rent money.

53.     The female Plaintiffs were subjected to sexual assault as a condition of their continued employment and housing.

54.     The female Plaintiffs were in fear for their physical safety while at work, especially when Defendant Ferdinando DiBenedetto bought and used drugs at Rocco's Bakery during Plaintiffs' shifts.

55.     When Defendant Ferdinando DiBenedetto used drugs, he became increasingly agitated and aggressive and, on at least one occasion, he threw a knife in the vicinity of female Plaintiffs.

56.     Physical assaults of Plaintiffs also included at least one occasion when Defendant Giovanni DiBenedetto intentionally pushed a metal bakery cart into Plaintiff Mercedes Fajardo's

legs, injuring her, and another occasion when one of the Defendants caused heavy bakery equipment to fall on Plaintiff Mercedes Fajardo's head.

57.    Defendants Antonio, Ferdinando, and Giovanni DiBenedetto screamed obscenities at the female Plaintiffs.  Defendants called the female Plaintiffs "putas" ("whores") or "pendejas" ("assholes") and asked them sexually explicit questions, such as "Cuando vamos a chichar?" ("When are we going to fuck?").

58.    Defendants also frequently referred to Plaintiffs as "fucking Hispanics" or "fucking Spanish."

59.    When Defendants were not satisfied with the pace of Plaintiffs' work, Defendants yelled at Plaintiffs to work faster and harder.

60.    The pattern and practices of activities described in the above paragraphs, to which Plaintiffs were subjected and to which they observed others being subjected, were only perpetrated against Hispanic Ecuadorian workers.

61.    The female Plaintiffs experienced humiliation, anguish, and shame because of Defendants' sexual, physical and verbal abuse.  The female Plaintiffs concealed or attempted to conceal the abuse from their families, in particular Plaintiff Nestor Urena Flores, both because of their feelings of humiliation and shame and because their families depended on their continued employment by Defendants to earn a living and have a place to live.

62.    Plaintiff Nestor Urena Flores subsequently learned of the abuse of the female family members causing him to experience anguish, humiliation and shame.

Firing of Plaintiff Mercedes Fajardo

63.    On June 4, 2007, Plaintiff Mercedes Fajardo attended a rally and a Board of Aldermen meeting at New Haven City Hall to express her support for the Elm City Resident

Card, a municipal identification card available to all New Haven city residents, regardless of immigration status.

64.    The next day, on June 5, 2007, the *New Haven Register* ran a front-page story about the rally and the Board of City Aldermen meeting. Plaintiff Mercedes Fajardo appeared in a photograph accompanying the article.

65.    When Plaintiff Mercedes Fajardo arrived at work on June 5, 2007, Defendant Antonio DiBenedetto had a copy of the *New Haven Register* article and photograph.

66.    Defendant Antonio DiBenedetto screamed at her that her photograph would lead law enforcement to discover that she worked at Rocco's Bakery and that Rocco's Bakery employed undocumented aliens.

67.    Defendant Antonio DiBenedetto became so physically threatening that Plaintiff Mercedes Fajardo feared for her physical safety and attempted to call 911 on her cell phone. She was so agitated that she mistakenly dialed 011.

68.    Speaking so that all the workers could hear, Defendant Antonio DiBenedetto screamed in broken English, Spanish and Italian: "Fucking Hispanos! Fucking Spanish garbage! You all are worthless! The ID card [New Haven municipal identification card] is not worth shit!" He said, "You want papers, but these papers are worthless. They are for going to the bathroom. I'll give you toilet paper instead."

69.    Defendant Antonio DiBenedetto then told Plaintiff Mercedes Fajardo to punch out on her timecard and not to return to work.

70.    This conduct by Defendants Antonio DiBenedetto and Ferdinando DiBenedetto caused Plaintiffs Maria Fajardo, Angelica Ureña, and Monica Obando, who all were present during the firing, to fear for their personal safety.

Criminal Investigation and Escape

71.     In 2008, Plaintiffs contacted Immigration and Customs Enforcement (hereinafter "ICE") about the working conditions at Rocco's Bakery.  Plaintiffs also decided to bring this civil action to assert their rights.

72.     In June 2008, fearing for their safety, in the middle of the night and with the assistance of ICE, the female Plaintiffs, along with their children, fled their jobs and apartments at Rocco's Bakery.

73.     None of the Plaintiffs have returned to work for Defendants because they believe that to do so would put them at risk of physical harm.

### CLAIMS FOR RELIEF

COUNT ONE
CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT
*(All Plaintiffs; Defendants Antonio and Anna DiBenedetto, and
Rocco's Pastry Shop and Bakery LLC, as a successor entity)*

74.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 73 of this Complaint as fully set forth herein.

75.     Defendants' failure or refusal to pay Plaintiffs at a rate equal to or greater than the federal minimum hourly wage violated the Fair Labor Standards Act, 29 U.S.C. § 206.

76.     Defendants' failure or refusal to pay Plaintiffs overtime at a rate equal to or greater than one-half times their regular hourly rate for hours worked in excess of forty hours in a week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

77.     As a result of Defendants' unlawful wage payment practices, Plaintiffs suffered a loss of wages owed.

78.     The failure or refusal of Defendants Antonio DiBenedetto, Anna DiBenedetto and Rocco's Pastry Shop & Bakery LLC to pay Plaintiffs consistent with the minimum wage and/or

12

overtime requirements of the Fair Labor Standards Act constituted a willful disregard for Plaintiffs' rights.

## COUNT TWO
### 42 U.S.C. § 1981
*(Plaintiffs Mercedes Fajardo, Angelica Ureña, Maria Fajardo, & Monica Obando only; Defendants Antonio, Giovanni, and Ferdinando DiBenedetto only)*

79.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 73 of this Complaint as fully set forth herein.

80.     As set out above, Defendants intentionally targeted Plaintiffs for physical and verbal abuse on the job and subjected them to less favorable working conditions because of their race and ethnicity.

81.     In addition to the continuous and repeated use of racist language directed at the Plaintiffs, Defendants also engaged in or permitted sexually explicit language, unwanted sexual touching, and efforts to coerce sexual activity directed at Plaintiffs Mercedes Fajardo, Angelica Ureña, Maria Fajardo, and Monica Obando. This conduct was not engaged in or permitted toward other non-Latino or non-Hispanic female employees of the Defendants. By their actions, Defendants Antonio DiBenedetto, Ferdinando DiBenedetto, and Giovanni DiBenedetto intentionally discriminated against the Plaintiffs, harassed them, and created a hostile work environment based on their race.

82.     The work place at Rocco's Bakery was so permeated with discriminatory intimidation, ridicule, and insult of sufficient severity and duration that it altered the working conditions for Plaintiffs Mercedes Fajardo, Angelica Ureña, Maria Fajardo, and Monica Obando.

83.     Such discriminatory conduct is actionable under 42 U.S.C. § 1981.

## COUNT THREE
### CONNECTICUT WAGE PAYMENT LAWS
*(All Plaintiffs; Defendants Antonio and Anna DiBenedetto, and*

13

*Rocco's Pastry Shop and Bakery LLC, as a successor entity)*

84.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 73 of this Complaint as fully set forth herein.

85.     Plaintiffs bring this claim pursuant to Conn.Gen.Stat. § 31-72, alleging that the wage payment practices of Defendants Antonio DiBenedetto and Anna DiBenedetto toward Plaintiffs violated Connecticut's wage payment laws, Conn. Gen. Stat. §§ 31-71(a)-31-71(i), Connecticut's minimum wage statute, Conn.Gen.Stat. § 31-68, and Connecticut's overtime wage statute, Conn.Gen.Stat. § 31-76b.

86.     As a result of the unlawful wage payment practices of Antonio DiBenedetto and Anna DiBenedetto and Rocco Pastry Shop & Bakery LLC, the Plaintiffs suffered a loss of wages owed.

## COUNT FOUR
## UNJUST ENRICHMENT
### *(All Plaintiffs and All Defendants)*

87.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 73 of this Complaint as fully set forth herein.

88.     Defendants' deceit, abuse, and coercion practiced upon Plaintiffs enabled them to obtain a benefit from Plaintiffs, namely, the operation and profit from the operation of Rocco's Bakery with artificially low labor costs.

89.     Defendants have not provided this benefit to Plaintiffs.

90.     As a result of Defendants' conduct, Plaintiffs have suffered a detriment, namely, a loss of the value of their labor.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *(All Plaintiffs; Defendants Antonio, Giovanni, and Fernando DiBenedetto only)*

14

91.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 73 of this Complaint as if fully set forth herein.

92.     Defendants Antonio DiBenedetto, Giovanni DiBenedetto, and Fernando DiBenedetto intended or knew or should have known that their conduct toward Plaintiffs was likely to cause the Plaintiffs to suffer severe emotional distress.

93.     The conduct of Defendants Antonio DiBenedetto, Giovanni DiBenedetto, and Fernando DiBenedetto, as described above, was extreme and outrageous.

94.     The conduct of Defendants Antonio DiBenedetto, Giovanni DiBenedetto, and Fernando DiBenedetto, as described above, caused the Plaintiffs to suffer severe emotional distress that included emotional reactions such as fear, shame, humiliation, embarrassment, disappointment, depression, anxiety, worry, helplessness, and powerlessness.

95.     Further, the conduct of Defendants Antonio DiBenedetto, Giovanni DiBenedetto, and Fernando DiBenedetto, as described above, was outrageous, wanton, and malicious, imbued with an evil motive and violence, and was performed with a reckless indifference to the interests of Plaintiffs.

COUNT SIX
ASSAULT
*(Plaintiffs Mercedes Fajardo, Angelica Ureña, Maria Fajardo, & Monica Obando only;*
*Defendants Antonio DiBenedetto, Ferdinando DiBenedetto, and Giovanni DiBenedetto only)*

96.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 73 of this Complaint as if fully set forth herein.

97.     By their actions, stated above, Defendants Antonio DiBenedetto, Ferdinando DiBenedetto, and Giovanni DiBenedetto, assaulted Plaintiffs Mercedes Fajardo, Angelica Ureña, Maria Fajardo, and Monica Obando by placing them in a position of imminent apprehension of harmful or offensive contact as a result of which Plaintiffs feared for their safety.

15

98.     As a result of assaults by Defendants Antonio DiBenedetto, Ferdinando DiBenedetto, and Giovanni DiBenedetto, Plaintiffs Mercedes Fajardo, Angelica Ureña, Maria Fajardo, and Monica Obando suffered severe apprehension of harmful contact and feared for their safety.

99.     As a further sole and proximate result of assaults by Defendants Antonio DiBenedetto, Ferdinando DiBenedetto, and Giovanni DiBenedetto, Plaintiffs Mercedes Fajardo, Angelica Ureña, Maria Fajardo, and Monica Obando suffered damages.

COUNT SEVEN
CONN.GEN.STAT. § 31-51q
*(Plaintiff Mercedes Fajardo only; Defendant Antonio DiBenedetto only)*

100.    Plaintiff Mercedes Fajardo repeats and realleges the allegations contained in paragraphs 1 through 73 of this Complaint as fully set forth herein.

101.    Plaintiff Mercedes Fajardo's participation in a rally and a New Haven Board of Aldermen meeting in order to show her support for the Elm City Resident Card was speech on a matter of public concern, protected by the First Amendment of the United States Constitution.

102.    Defendant Antonio DiBenedetto terminated the Plaintiff's employment on account of her speech on a matter of public concern as described above.

103.    Defendant's conduct violated the Plaintiff's right to speak freely on matters of public concern in the workplace pursuant to Conn.Gen.Stat. § 31-51q.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court award them:

1.    Unpaid minimum wage and overtime wages pursuant to the federal Fair Labor Standards Act and Connecticut wage payment laws;

2.    An amount equal to the Plaintiffs' unpaid minimum wage and overtime wages pursuant to the liquidated or double damages provisions of the federal Fair Labor Standards Act.

3.    An amount equal to the Plaintiffs' unpaid minimum wage and overtime wages pursuant to the double damages provisions of the Connecticut wage payment laws;

4.    Compensatory damages, including for Plaintiffs' pain, suffering and emotional distress;

5.    Any benefit unjustly obtained by Defendants from Plaintiffs;

6.    Punitive damages;

7.    Prejudgment and post-judgment interest;

8.    A temporary restraining order, preliminary and permanent injunctive relief against Defendants enjoining them from contacting Plaintiffs except as necessary for the prosecution of this action and from retaliating against them in any way as a result of the prosecution of this action.

9.    Reasonable attorneys fees and costs; and

10.    Such other relief as the Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

The Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.

Respectfully submitted,
Attorneys for Plaintiffs


_____ s/ Shelley A. White _____
Shelley A. White (ct05727)
Sheila N. Hayre (ct27757)
New Haven Legal Assistance Assoc., Inc.
426 State Street
New Haven, CT 06510-2018
Tel: (203) 946-4811
Fax: (203) 498-9271
Email: swhite@nhlegal.org
Email: shayre@nhlegal.org


Peter Goselin (ct06074)
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, CT 06105
Phone: (860) 580-9675
Email: pdgoselin@gmail.com

18

## CERTIFICATION

This is to certify that on January 22, 2013 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Shelley A. White
Shelley A. White