# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| OLGER NESTOR URENA FLORES, | : |
| MARIA SABINA FAJARDO DE URENA, | : |
| MERCEDES BALDROMINA FAJARDO ZUNIGA, | : |
| ANGELICA ANGELITA URENA FAJARDO, AND | : |
| MONICA BEATRIZ OBANDO FAJARDO | : |
| | : |
| *Plaintiffs* | : CIVIL NO. 3:08 CV 00884 (AVC) |
| | : |
| VS. | : |
| | : |
| ANTONIO DIBENEDETTO a.k.a ANTONIO | : |
| D.BENNETTO, ANNA DIBENEDETTO, | : |
| GIOVANNI DIBENEDETTO, | : |
| FERDINANDO DIBENEDETTO, AND | : |
| ROCCO'S PASTRY SHOP AND BAKERY LLC | : |
| *Defendants* | : MARCH 21, 2013 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROCCO'S PASTRY SHOP AND BAKERY'S MOTION TO DISMISS

**I.    BACKGROUND**

On June 12, 2008, the plaintiffs, Olger Nestor Urena Flores ("Nestor Urena"), Maria Sabina Fajardo De Urena ("Maria Fajardo"), Mercedes Balfromina Fajardo Zuniga ("Mercedes Fajardo"), Angelica Angelita Urena Fajardo ("Angelica Urena"), Miguel Angel Urena Fajardo ("Miguel Urena"), and Monica Beatriz Obando Fajardo ("Monica Obando")(hereinafter collectively "plaintiffs") filed a Complaint in the United States District Court for the District of

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

Connecticut. The Complaint was brought against Antonio DiBenedetto, his wife Anna DiBenedetto, and his sons Giovanni and Ferdinando DiBenedetto (hereinafter collectively "defendants").

On January 22, 2013, four and a half years later, plaintiffs filed their *First Amended Complaint* (Docket No. 81), with the Court's permission. In addition to removing the count alleging violations of the Trafficking Victims Protection Act, plaintiff Miguel Angel Urena Fajardo was removed as a plaintiff, and Rocco's Pastry Shop and Bakery, LLC, was added as a defendant. Counts One and Three allege a claim of successor liability as to the newly named defendant.

The First and Third counts of the plaintiffs' First Amended Complaint are directed against Antonio and Anna DiBenedetto, and Rocco's Pastry Shop and Bakery, LLC, as a successor entity. *Pls.' Amen. Compl.* Count 1, ¶¶ 74-78 and Count 3 ¶¶ 84-86. The allegations are that the defendants failed to pay wages as required under both federal and state law, and that Rocco's Pastry Shop and Bakery, LLC is liable for the predecessor entities violations.

Because the plaintiffs have not alleged facts sufficient to support the claim as to the successor entity and have failed to allege the necessary elements to support such claims, the defendant, Rocco's Pastry Shop and Bakery, LLC respectfully move to dismiss Counts One and Three of the plaintiffs' First Amended Complaint in accordance with Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state claims upon which relief may be granted. Alternatively, the defendant requests that the claims as to successor liability be brought as a separate count, as any liability of the successor entity is dependent upon a finding of liability of the predecessor, not that the successor entity failed or refused to pay the wages as now alleged.

## II.     LEGAL STANDARD

A complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In assessing the sufficiency of the pleading "[t]he court's function . . . is not to weigh the evidence that might be presented at trial, but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d. Cir. 1985). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). To avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations. The complaint must contain enough specificity for an inference to be drawn that the elements of a claim exist. *Elliott v. Foufas*, 867 F. 2d 877, 881 (5th Cir. 1989).

### III. ARGUMENT

#### A. THE COURT SHOULD DISMISS COUNTS ONE AND THREE OF THE PLAINTIFFS' FIRST AMENDED COMPLAINT AS IT FAILS TO ALLEGE THE NECESSARY ELEMENTS OF A CLAIM FOR SUCCESSOR LIABILITY.

In Count One of the Complaint, the plaintiffs' allege that the defendants violated the federal and state minimum wage and overtime laws.  The plaintiffs further allege that Rocco's Pastry Shop and Bakery, LLC is "a private for-profit limited liability corporation established by the DiBenedetto Defendants in 2011 which operates at the same address Rocco's Bakery Shop.  As set forth below, Defendant Rocco's Pastry Shop and Bakery LLC is a successor entity for purposes of liability." *Pls. Amend. Compl.* ¶ 20.  Plaintiffs' claim that the newly added defendant holds itself out to the public as a continuation of the predecessor, Rocco's Bakery, and shares the following in common with the predecessor entity:  same operators; same addresses and telephone numbers; same lines of bakery produces.  *Pls. Amend. Compl.* ¶¶ 22-25.

As plaintiffs note in their *Memorandum of Law in Support of Plaintiffs' Motion For Leave To Amend The Complaint and Caption and To Join Additional Named Defendant* dated December 12, 2012, p. 3 (Docket No. 71), the Second Circuit has not established a test for successor liability under the Fair Labor Standards Act.  There are three recognized tests which have slight variations:  the traditional common law; "substantial continuity" standard; and

- 4 -
Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

Connecticut common law standard.  *Medina v. Unlimited Systems, LLC*, 760 F. Supp. 2d 263, 266 (D. Conn. 2010).   The Connecticut District Court cases which have confronted the issue of successor liability have not had to decide which test to apply.  *See Medina*, 760 F. Supp. at 271 ("That said, US Stucco is the successor in interest to Unlimited Systems under any of the three standards…. Therefore, in this case, the Court need not decide which successor liability standard governs."); *Garcia v. Serpe,* 2012 U.S. Dist. LEXIS 14026 (D. Conn. Feb. 6, 2012) ("the Court need [not] decide which standard should apply under the FLSA because there are genuine issues of material facts in dispute which would be dispositive to the issue of successor liability under any of the three standards.").  Because the plaintiffs complaint fails to allege sufficient facts under all three tests, the counts alleging successor liability must be dismissed.

    **a. THE COMPLAINT FAILS TO ALLEGE THE CONTINUITY OF OWNERSHIP REQUIRED UNDER THE TRADITIONAL COMMON LAW.**

Under the traditional common law test of successor liability, a corporation that purchases the assets of another corporation is not liable for the seller's liability unless a recognized exception is met.  The plaintiffs have identified two exceptions, which are treated as a single exception, as applying in this case:  the *de facto* merger and mere continuation exceptions.  *Pls. Mem. In Support of Motion to Amend,* p. 4 (Docket No. 71).  As plaintiffs noted, "continuity of ownership is the key factor."  *Id.*  Because the plaintiffs have failed to allege a continuity in

ownership between the predecessor Rocco's Bakery and the alleged successor, Rocco's Pastry Shop and Bakery, LLC, these counts fail to state a claim upon which relief can be granted.

With respect to the ownership of the predecessor, plaintiffs allege that Antonio and Anna DiBenedetto were the owners, *Pls. Amend. Compl.* ¶¶ 12 and 14, and that both Giovanni and Ferdinando were "hired to work at Rocco's Bakery in a supervisory capacity…" *Id.* at ¶¶ 15-16. With respect to the successor corporation, Rocco's Pastry Shop and Bakery, LLC, while plaintiffs allege that the "Defendants" registered this entity with the Secretary of State, they acknowledge that the principals of this company are Giovanni and Ferdinando. *Id.* at ¶ 21. While it appears they plaintiffs are trying to claim all defendants still operate the bakery, the allegations are that the predecessor was owned by the parents, Antonio and Anna, and that the successor is owned by the children, Giovanni and Ferdinando. Because the plaintiffs lack the "key" claim of continuity of ownership, the complaint fails to state a claim upon which relief can be granted under the traditional common law.

### b. THE COMPLAINT FAILS TO MAKE ANY ALLEGATION REGARDING THE ABILITY OF THE PREDECESSOR TO PROVIDE RELIEF.

Since "successorship's roots lie in equity…. fairness is a prime consideration in successorship's application." (Citations omitted; internal quotation marks omitted) *Steinbach v. Hubbard*, 51 F.3d 843, 846 (9th Cir. 1995). In *Battino v. Cornelia Fifth Ave., LLC,* 861 F. Supp. 2d 392, 408 (S.D.N.Y.), an action for unpaid wages under the Fair Labor Standards Act,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

the Court stated that it has been "consistently held that the equitable considerations behind successor liability may make it inappropriate 'to impose successor liability on an innocent purchase when the predecessor is fully capable of providing relief.'"  Conversely, some Courts have held that it is relevant whether or not the predecessor could have provide any or all relief the plaintiff before the transfer, because successor liability is not intended to make an injured employee better off.  *Id*.  The plaintiffs have failed to make any allegations as to the ability of the predecessors to provide the relief requested at any time.  In the absence of these allegations, the complaint fails to state a claim for successor liability upon which relief can be granted.

## I.   CONCLUSION

For the foregoing reasons, the Defendant respectfully requests the Court to dismiss Counts One and Three as they relate to Rocco's Pastry Shop and Bakery, LLC.

                  THE DEFENDANT
                  ROCCO'S PASTRY SHOP AND BAKERY, LLC


                  BY:     /s/ Hugh F. Keefe
                    Hugh F. Keefe, Esq.
                    Federal Bar No. ct05106
                    Matthew D. Popilowski, Esq.
                    Federal Bar No. ct28869
                    Lynch, Traub, Keefe, & Errante
                    52 Trumbull Street

New Haven, CT 06511
Telephone No. (203) 787-0275
Fax No. (203) 782-0278

### CERTIFICATION OF SERVICE

This is to certify that on March 21, 2013 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

  /s/Hugh F. Keefe