UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

*******************************************
                                              *
OLGER NESTOR UREÑA FLORES, ET. AL.,           *
                                              *      CIVIL DOCKET NO.
        PLAINTIFFS                            *      3:08cv00884(AVC)
                                              *
VS.                                           *
                                              *
ANTONIO DIBENEDETTO a.k.a. ANTONIO            *
    D. BENNETTO., ET. AL.,                    *      JUNE  28, 2013
                                              *
        DEFENDANTS                            *
                                              *
*******************************************

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
## MOTION FOR PROTECTIVE ORDER

### Introduction

This is an action brought pursuant to, inter alia, the Fair Labor Standards Act, 29 U.S.C. §

201 et seq., 42 U.S.C. § 1981, and Connecticut law, challenging Defendants' over ten year

history of coercing Plaintiffs' labor at wages below those mandated by federal and state law.

Plaintiffs seek to recover unpaid wages and other damages inflicted by defendants, who are

owners, principals, employees and agents of Rocco's Pastry Shop a.k.a., Rocco's Bakery.

Defendants exploited Plaintiffs by implementing a broad scheme of physical, sexual and verbal

abuse, psychological coercion, and threatened abuse of the legal process to keep Plaintiffs in

their control and working for less than the wages mandated by federal and state law. Since the

filing of this case, the defendants have incorporated the bakery operations as a limited liability

company under Connecticut law. Plaintiffs have joined that corporation, Rocco's Pastry Shop

and Bakery LLC as a party defendant on a claim of successor liability.

Plaintiffs claim that, although they regularly worked in excess of 40 hours each week, they were not paid the wages required by the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq, or Connecticut's wage and hour law, Conn. Gen. Stat. § 31-72, and that defendants were unjustly enriched by their labor. They claim that they were treated differently in the terms and conditions of their employment, based on their ethnicity, in violation of 42 U.S.C. § 1981. The female plaintiffs raise state tort claims of assault and intentional infliction of emotional distress and plaintiff Mercedes Fajardo has a claim that she was fired for the exercise of free speech rights in violation of Conn. Gen. Stat. § 31-51q.

On May 25, 2013, defendants served identical written interrogatories and requests for production on each of the plaintiffs. Plaintiffs have also been noticed for depositions.[1] Defendants' written discovery asks a number of questions concerning the plaintiffs' immigration status. The question is sometimes posed directly.[2] Other times, the question is posed indirectly by enquiring written statement made to third parties (which would indisputably include statements made to Immigration and Customs Enforcement (ICE)) and questions about financial

---

[1] The dates of these depositions have been postponed pending resolution of the matters raised in this motion.

[2] Examples of such written discovery include:

- Please state any and all dates on which you entered or exited the United States of America and whether such entry/departure was with the permission of the United States of America or otherwise authorized by law. Please identify all documents referred to or relied upon in responding to this interrogatory.

- Please state whether you have been granted citizenship by the government of the United States and, if so, on what date this occurred.

- Please provide copies of any and all documents that reflect your entering or exiting from the United States of America.

2

and other benefits received as a result of plaintiffs' communications with ICE.[3]  One specific question asks for the plaintiffs' social security numbers, a clearly back-handed way of the determining immigration status.  Plaintiffs seek protection from having to provide either oral or written information regarding their immigration status and against having to produce documents that concern or relate to their immigration status, including both statements made to ICE and information about financial and other assistance provided to plaintiffs.

Plaintiffs also seek protection against defendants' related request for the plaintiffs' income tax returns. Plaintiffs seek protection against both having to produce and having to testify with respect to such returns, including questions about whether such tax returns were filed.

Under Fed. R.Civ.P. 26(c), the Court "may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression or undue burden or expense." "The rule serves in part to protect parties' privacy interests." *See Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010)(*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.1 (1984)). A protective order "allows for the crafting of appropriate relief" which can include a prohibition on the disclosure or discovery altogether. *Duling*, 266 F.R.D. at 71. *See also* Fed.R.Civ.P. 26(c)(1)(A).

---

[3] Examples of such written discovery include:

- Please state whether you have received any state or federal financial, or social assistance, including but not limited to employment, housing, medical or legal, during the time you worked for the defendants or after you contacted Immigration and Customs Enforcement about the working conditions at Rocco's Bakery in 2008.  If so, please identify the type of assistance, the source of the assistance, the amount of the assistance, and when you received such assistance.  Please identify all documents referred to or relied upon in responding to this interrogatory.

- Please state whether you have received any other state or federal benefits as a result of your contact with Immigration and Customs Enforcement about the working conditions at Rocco's Bakery in 2008.

While the party seeking protection bears the burden of demonstrating good cause for issuance of the order, the Court has broad powers to decide when a protective order is appropriate and the degree of protection required. *Duling,* at 71, 72 (citing cases).  *See also Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992)(the granting or denial of protective order lies in the sound discretion of the court).

I.     **Plaintiffs are Entitled to Protection Against Inquiry into their Immigration Status**

Courts throughout this country, including District Courts within the Second Circuit, have uniformly held that evidence of a worker's immigration status is irrelevant under the Fair Labor Standards Act (FLSA) because FLSA covers protected workers regardless of their immigration status. *See e.g., Campos v. Zopounidis*, 2011 WL 4852491 *1 (D.Conn. Oct. 13, 2011); *Uto v. Job Site Services Inc.* 269 F.R.D. 209, 211 (E.D.N.Y 2010)(*citing Flores v. Amigon*, 233 F.Supp.2d 462, 463 (E.D.N.Y. 2002*)); Zeng Liu v. Donna Karan Int'l, Inc.* 207 F. Supp. 2d 191 (S.D.N.Y. 2002). *See also Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988); *In re Reyes*, 814 F.2d 168 (5th Cir. 1987); and *Flores v. Albertsons, Inc.*, 2002 WL 1163623 (C.D. Cal. April 9, 2002).

Courts have extended this holding precluding discovery of immigration status well beyond FLSA cases.  *See e.g. Topo v. Dhir*, 210 F.R.D. 76 (S.D.N.Y. 2002)(precluding discovery of immigration status in relation to trafficking claims, false imprisonment claims and claims under the Alien Tort Claims Act, 28 U.S.C. § 1350); *DaSilva v. Lamberti*, 2009 WL 3617991 (S.D.Fla. Oct 29, 2010)(immigration status irrelevant to defendant's claim of qualified immunity); *David v. Signal Intern. LLC.*, 2010 WL 4667972 (E.D.La. Nov. 5, 2010)(precluding discovery of T and U visa applications in RICO case).

Specifically, courts have noted that permitting inquiry into a party's immigration status

4

when not relevant[4] presents "a danger of intimidation [that] would inhibit plaintiffs in pursuing

their rights." *Uto,* 269 F.R.D. at 211 (*quoting Topo,* 210 F.R.D. 76, 79 (S.D.N.Y 2002)). *See also*

*Rengifo v Erevos Enterprises, Inc.,* 2007 WL 894376 (S.D.N.Y. March 20, 2007); *Zeng Liu* 207

F.Supp.2d at 193. Even where, as here, the plaintiffs' immigration status arguably has been

disclosed, courts have refused to allow the discoverability of such evidence. *See Campos,* 2001

WL 4852491 at *2 ("the Court is wholly unpersuaded by these arguments [about lack of

prejudice].")

This protection should extend to inquiries about "state or federal benefits [received by the

plaintiffs] as a result of [their] contact with Immigration and Customs Enforcement about the

working conditions at Rocco's Bakery in 2008." Not only is information relating to the receipt of

governmental benefits totally irrelevant to plaintiffs' claims in this case, the discovery sought by

the defendants herein goes beyond seeking information about governmental benefits: it is clearly

another backdoor way of getting information about plaintiffs' immigration status which is also

both irrelevant and indiscoverable. For this reason, a protective order against inquiring about

plaintiffs' immigration status must extend to communications with ICE and to any benefits

alleged to have been received as a result of such communications and/or plaintiffs' immigration

status.

## II.   **Plaintiffs Are Entitled to Protection Against Production of Their Social Security Numbers**

Courts have recognized that "[a] party's attempt to discover tax identification numbers on

the basis of testing credibility appears to be a back door attempt to learn of immigration status."

---

[4] Furthermore, even if such discovery were arguably relevant, courts have held that the risk of
injury to plaintiffs from disclosure of immigration status far outweighs the need for disclosure.
*Zeng Liu,* 207 F.Supp.2d at 192 (*citing Flores v. Albertsons, Inc.,* 2002 WL 1163623 (C.D. Cal.
April 9, 2002)). *See also Topo,* 210 F.R.D. at 78.

*Rengifo,* 2007 WL 894376 at *3  (*citing E .E.O.C. v. First Wireless Group, Inc.,* 2007 WL

586720, *2 (E.D.N.Y. Feb.20, 2007)). In these cases, the employers cited the need for such

numbers to test the credibility of the plaintiff employees. Not surprisingly, this request was

disallowed: "the opportunity to test the credibility of a party based on representations [about

Social Security numbers] made when seeking employment does not outweigh the chilling effect

that disclosure of immigration status has on employees seeking to enforce their rights." *Id.*  For

this reason, the Court should grant a protective order prohibiting all discovery pertaining to

plaintiffs' Social Security numbers. *See also Uto,* 269 F.R.D. at  212.

### III.    Plaintiff Are Entitled to Protection Against Production of Income Tax Returns

Defendants also seek production of the tax returns filed by the plaintiffs for each of the

years in which the plaintiffs were employed by defendants.

Although income tax returns are not inherently privileged, courts are typically reluctant

to compel their disclosure because of both "the private nature of the sensitive information

contained therein" and "the public interest in encouraging the filing by taxpayers of complete

and accurate returns." *Uto,* 269 F.R.D. at 212 (*quoting Smith v. Bader,* 83 F.R.D. 437, 438

(S.D.N.Y. 1979)). The courts in this Circuit, including the District of Connecticut, have held that

there is a qualified privilege against disclosure of such documents. To compel the disclosure of

income tax returns, a two part test must be satisfied: first, the returns must be relevant to the

subject matter of the action and second, there must be a compelling need for the returns because

the information is not "otherwise readily obtainable." *Rhea v. Uhry*, 2007 WL 926908 *2 (March

26, 2007); *Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D 70, 73 (D.Conn. 2001). *See*

*also Uto,* 269 F.R.D. at 212; *United States v. Bonanno Organized Crime Family of Las Cosa*

*Nostra*, 119 F.R.D 625, 627 (E.D.N.Y 1988); *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547

(S.D.N.Y 1985).

Defendants cannot even demonstrate that the production of income tax returns are relevant to the subject matter of this action, much less that there is a compelling need for such production. The returns will not show the hours worked by the plaintiffs for the defendants, it will not show the amount of unpaid wages owed to plaintiffs.[5] The court in *Uto* summarily held that income tax returns were simply not relevant in FLSA cases, nor was there a compelling need for returns to be produced. *Uto* at 212. *See also Rengifo.,* 2007 WL 586720 at *2. The court granted the plaintiffs a protective order against such production in both cases, and such an order should be entered in this case as well.

Furthermore, it is clear that the request for tax returns is another end-run around the immigration status issue. *See id.* While tax returns do not seek information about immigration status, filers are required to give Social Security numbers or, if they are not eligible for a Social Security number, a tax identification number. As such, defendants' desire for tax returns is yet another end run around the preclusion of discovery relating to immigration status.

### Conclusion

For all of the above reasons, plaintiffs' Motion for Protective Order should be granted in full.

---

[5] It should be noted that defendants did not provide – and have not produced in this litigation – any W-2 forms for the wages paid to the plaintiffs.

7

Respectfully submitted,
Attorneys for Plaintiffs


_____/s/ Shelley A. White_____
Shelley A. White (ct05727)
Sheila N. Hayre (ct27757)
New Haven Legal Assistance Assoc., Inc.
426 State Street
New Haven, CT 06510-2018
Tel: (203) 946-4811
Fax: (203) 498-9271
Email: swhite@nhlegal.org
Email: shayre@nhlegal.org


Peter Goselin (ct06074)
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, CT  06105
Phone:  (860) 580-9675
Email:  pdgoselin@gmail.com

## CERTIFICATION

This is to certify that on June 28, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


_____/s/ Shelley A. White_____
Shelley A. White (ct05727)