```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

OLGER NESTOR URENA FLORES,            :
MARIA SABINA FAJARDO DE URENA,        :
MERCEDES BALDROMINA FAJARDO ZUNIGA,   :
ANGELICA ANGELITAD URENA FAJARDO, AND :
MONICA BEATRIZ OBANDO FAJARDO,        :
     Plaintiffs,                      :
                                      :
v.                                    : CIVIL NO: 3:08CV884(AVC)
                                      :
                                      :
ANTONIO DIBENEDETO a.k.a. ANTONIO     :
D. BENNETTO, ANNA DIBENEDETTO,        :
GIOVANNI DIBENEDETTO,                 :
FERDINANDO DIBENEDETTO, AND           :
ROCCO'S PASTRY SHOP AND BAKERY LLC,   :
     Defendants.
```

**RULING ON THE DEFENDANT'S MOTION TO DISMISS**

This is an action for damages and other equitable relief in which the plaintiffs, Nestor Urena, Maria Fajardo, Mercedes Fajardo, Angelica Urena, and Monica Obando allege that the defendants, Antonio DiBenedetto a.k.a. Antonio D. Bennetto (hereinafter "Antonio DiBenedetto"), Anna DiBenedetto, Giovanni DiBennedetto, Ferdinano DiBenedetto, and Rocco's Pastry Shop and Bakery LLC violated the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201 *et seq.*, 42 U.S.C. § 1981 and Connecticut law.

The defendant, Rocco's Pastry Shop and Bakery LLC (hereinafter "Rocco's LLC"), has filed a motion to dismiss counts one and three of the complaint for failure to state a claim for successor liability. For the reasons that follow, the motion is denied.

**FACTS**

The amended complaint alleges the following:

Antonio DiBenedetto and Anna DiBenedetto own and operate Rocco's Pastry Shop a.k.a Rocco's Bakery (hereinafter "Rocco's Bakery") and are "the ultimate authority" in determining the wages to be paid to the employees hired by Rocco's Bakery. Antionio and Anna DiBenedetto's sons, Giovanni DiBenedetto and Ferdinando DiBenedetto, were hired to work at Rocco's Bakery in a "supervisory capacity."

In 2011, the DiBenedetto defendants established Rocco's LLC, a private for-profit limited liability corporation, with registration documents listing the defendants, Giovanni and Ferdinando DiBenedetto, as principals and the defendant Giovanni DiBenedetto as agent for service. Rocco's LLC "operates out of the same address and uses the same telephone numbers as Rocco's Bakery" and it "produces and sells the same line of bakery goods to the same customers as Rocco's Bakery." The plaintiffs further allege that Rocco's LLC "holds itself out to the public as a continuation of Rocco's Bakery" and "is a successor entity for purposes of liability."

Rocco's Bakery hired the plaintiffs to work in both its New Haven and Meriden factory locations, first hiring Nestor Urena fourteen years ago. The plaintiffs' duties included moving large quantities of baking ingredients, baking bread and pastries, and maintaining the factory facilities. The plaintiffs, who are of Ecuadorian decent, spoke to the defendants using a mixture of Spanish, English, and Italian. The plaintiffs, working both the day and night shift, regularly worked over forty hours a week.

During busy times of the year, the plaintiffs worked as many as twelve hours per day.

Antonio and Anna DiBenedetto were plaintiff's employers within the meaning of the FLSA and the Connecticut Wage and Hour Law. The defendants employed two or more employees and were "engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and §207(a)(1), in that they were employed in producing, manufacturing, handling, and otherwise working on baked goods that were sold by the defendants to customers both within and outside Connecticut, for distribution within and outside Connecticut."

The defendants did not pay the plaintiffs federal and/or Connecticut minimum wage for each hour they worked, nor did they pay them the rate of one and one-half times their regular hourly rate for each hour worked in excess of forty hours per week.

## STANDARD

The court must grant a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) if a plaintiff fails to establish a claim upon which relief may be granted. Such a motion "assess[es] the legal feasibility of the complaint, [it does] not . . . assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.1984). When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all

reasonable inferences from those facts in favor of the plaintiff. <u>Sykes v. James</u>, 13 F.3d 515, 519 (2d Cir. 1993). The issue at this juncture is not whether the plaintiff will prevail but whether he should have the opportunity to prove his claim. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957). In order to withstand a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Patane v. Clark</u>, 508 F. 3d 106, 111-12 (2d Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). In its review of a 12(b)(6) motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken." <u>Samuels v. Air Transp. Local</u> 504, 992 F.2d 12, 15 (2d Cir.1993).

## DISCUSSION

Rocco's LLC argues that the plaintiffs failed to sufficiently allege a continuity in ownership between the predecessor, Rocco's Bakery, and Rocco's LLC as a successor in the complaint and, therefore, fail to support a claim for a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207 and Connecticut General Statutes, §31-72; §§ 31-71(a)-31-71(i); §31-68; and 31-76b. Specifically, Rocco's LLC argues that because Giovanni and Ferdinando DiBenedetto are the principals of Rocco's

LLC, not Antonio and Anna DiBenedetto, the plaintiffs "lack the 'key' claim of continuity of ownership", and thus fail to allege sufficient facts under all three tests of successor liability. Rocco's LLC further argues that since the plaintiffs did not make allegations as to the ability of the predecessor to provide the relief requested at any time, the claim for successor liability fails to state a claim for which relief can be granted.

The plaintiffs respond that they have pled sufficient facts to support successor liability under any of the three tests for successor liability, including those that examine continuity of ownership. Specifically, the plaintiffs concede that continuity of ownership is key to two of the four exceptions to the "traditional" common law test, but argue that it does not require continuity of legal ownership and this inquiry is not applicable to the Connecticut common law test for successor liability or to the substantial continuity test. The plaintiffs argue that Rocco's LLC fails to distinguish between the three recognized tests for successor liability when it asserts that plaintiffs' claims against it must be dismissed for lack of continuity of ownership and failure to allege that the DiBenedetto defendants would not provide the requested relief. The plaintiffs also contend that the capability of the predecessor entity to provide relief is only pertinent to the substantial continuity test, and is only one of several factors to be considered with respect to that test.

The second circuit has yet to establish a test for successor liability under the FLSA. <u>Medina v. Unlimited Systems, LLC</u>, 760

F. Supp. 2d 263, 266 (D. Conn. 2010). Medina was a "recent and well-reasoned District of Connecticut decision" dealing with the question of which test should apply under the FLSA. Garcia v. Serpe, 2012 WL 380253 at 11 (D. Conn. Feb. 6, 2012). The Medina court found that "there are three options" for successor liability: "the traditional common law successor liability rule and exceptions; the more expansive 'substantial continuity' standard endorsed by the Supreme Court in some federal labor law cases; and the Connecticut state common law standard." Medina, 760 F. Supp.2d 263, 266.

**I. Traditional Common Law Test**

When applying the traditional common law rules, a "corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." Id. (citing New York v. Nat'l Serv. Indus., Inc., 460 F.3d 201, 209 (2d Cir. 2006)). The traditional common law test recognizes four exceptions to this rule: (1) the purchaser expressly or impliedly assumed the seller's tort liability; (2) there was a consolidation or merger of the seller and purchaser; (3) the purchasing corporation was a mere continuation of the selling corporation; or (4) the transaction was entered into fraudulently to escape obligations related to the seller's liabilities. Id.

The "*de facto* merger" exception and the "mere continuation" exception are considered so similar that they are often dealt with as one exception. Id. (citing Douglas v. Stamco, 363 Fed.Appx. 100, 102 (2d Cir.2010)). A *de facto* merger exists between two corporations if a court finds: "(1) continuity of

6

ownership; (2) cessation of ordinary business and dissolution of the [seller] as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the [business's] uninterrupted continuation …; and (4) continuity of management, personnel, physical location, assets, and general business operation." Id. (citing Nat'l Serv. Indus. II, 460 F.3d at 209). A mere continuation may be found to have existed between a purchasing and selling corporation "when only one corporation exists following the transfer of assets from the selling corporation to the purchasing corporation, and there is identity of stock, stockholders, and directors between the successor and predecessor corporations." Id. (quoting New York v. Nat'l Serv. Indus., Inc., 352 F.3d 682, 685 (2d Cir.2003) ("Nat'l Serv. Indus. I ")). For both the mere continuation and de facto merger exceptions "continuity of ownership is the key factor." Id. Continuity of ownership with the mere continuation exception essentially "applies when the purchasing corporation maintains the same or similar management and ownership but wears a new hat." Medina, 760 F. Supp. 2d 263, 273. (quoting North Shore Gas Co. v. Salomon Inc., 152 F.3d 642, 654 (7th Cir.1998)).

**B. Substantial Continuity Test**

In the context of federal labor law, "the Supreme Court has held that a purchasing corporation sometimes may qualify as a successor in interest even when the purchaser would not constitute a mere continuation of the selling corporation under the traditional common law standard." Medina, 760 F. Supp.2d at 267 (citing B.F. Goodrich v. Betkoski, 99 F.3d 505, 519 (2d

7

Cir.1996)). The *Medina* court noted that a purchasing corporation might be liable for violations of the National Labor Relations Act ("NLRA") or the Labor Management Relations Act ("LMRA"), "when there is simply 'substantial continuity' between the selling and purchasing business enterprises." Id. (citing Fall River Dyeing & Finishing Corp. v. NLRB, 482 U.S. 27, 43-45). Distinguishing the traditional common law mere continuation exception, "continuity of ownership is not crucial for a finding of 'substantial continuity' and no one factor is determinative; substantial continuity is determined by a 'totality of the circumstances.'" Id. (internal citations omitted).

"At the heart of the Supreme Court's endorsement of the substantial continuity test in the NLRA context has been the Supreme Court's recognition that allowing a successor business to avoid liability for violations of its predecessor could defeat 'the employees' legitimate expectation ... that the unfair labor practices [would] be remedied.'" Id. (quoting Golden State Bottling Co., Inc. v. NLRB, 414 U.S. 168, 184 (1973). The *Medina* Court noted that the Supreme Court has explained its refusal to embrace an approach requiring the National Labor Relations Board "to distinguish among mergers, consolidations, and purchases of assets is attributable to the fact that, so long as there is a continuity in the 'employing industry,' the public policies underlying the doctrine will be served by its broad application." Id. (quoting Golden State Bottling Co., Inc. v. NLRB, 414 U.S. 168, 182).

8

In Garcia v. Serpe, the court noted that the second circuit found that the substantial continuity test applied in the NLRA context also applied to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). The court reasoned that the substantial continuity test was "more consistent with [CERCLA's] goals ... [than] the older and more inflexible 'identity' rule." Garcia v. Serpe, 2012 WL 380253 at 12 (D. Conn. Feb. 6, 2012) (quoting Betkoski, 99 F.3d at 519).  The Supreme Court, however, "has since held that CERCLA has not 'displaced or fundamentally altered common law standards of limited liability.'" Id. (quoting United States v. Bestfoods, 524 U.S. 51, 70, (1998)).

The second circuit has yet to decide[1] "whether the substantial continuity standard used in the NLRA context also applies in the FLSA context." Medina, 760 F.Supp.2d at 268. The second circuit has noted that "Congress intended [the FLSA] to have the widest possible impact in the national economy." Serpe, 2012 WL 380253 at 12 (citing Barfield v. N.Y.City Health & Hosp. Corp., 537 F.3d 132, 142.

---

[1] However, courts in the "Eastern District of New York have applied New York's common law successor liability test in the FLSA context 'as implemented by the Second Circuit in the CERCLA context post Bestfoods.'" Serpe, 2012 WL 380253 at 12 (citing Medina, 760 F.Supp.2d at 269).  "The Medina court also observed that some courts in the Southern District of New York, Western District of New York, and the District of Connecticut have applied a version of the Supreme Court's substantial continuity test to evaluate successor liability for Title VII violations." Id. Under this version the "substantial continuity test that those district courts have applied in the Title VII context examines not only whether there has been substantial continuity in operations, but also whether the purchasing corporation had notice of the charges against the selling corporation, and whether the predecessor corporation has the ability to provide relief." Id.

**C. Connecticut Common Law**

"[I]n Connecticut, the general rule is the same as the traditional common law rule: 'The mere transfer of the assets of one corporation to another corporation or individual generally does not make the latter liable for the debts or liabilities of the first corporation.'" Id. at 269-270 (quoting Chamlink, 96 Conn.App. at 187). The Serpe court noted the parallel with the traditional common law rule, finding the four exceptions to this general rule under Connecticut common law also tracked "the four exceptions under the traditional common law rule: '(1) a purchaser expressly or impliedly agrees to assume the liabilities of the seller; (2) the purchaser is a mere continuation of the seller; (3) the companies merge; or (4) the transaction is entered into fraudulently to escape liability.' Serpe, 2012 WL 380253 at 13 (quoting Medina, 760 F.Supp.2d at 270).

Connecticut courts recognize the "substantial continuity" or "continuity of enterprise" theory that the Second Circuit expressed in B.F. Goodrich v. Betkoski, where the "mere continuation" exception is broader and more flexible than the traditional common law "mere continuation" exception. Medina, 760 F. Supp.2d 263 at 270 (citing Kendall v. Amster, 108 Conn.App. 319 (2008); Betkoski, 99 F.3d 505,519) "The Medina court outlined the factors that Connecticut courts typically consider to determine whether a business is a mere continuation [to] include: continuity of management, personnel, physical location and general business operations; continuity of shareholders; cessation of the predecessor business shortly after the successor

entity is formed; and whether the purchaser business holds itself out as the effective continuation of the seller." Serpe, 2012 WL 380253 at 13 (citations omitted). The presence of all these factors is not required and "continuity of ownership is not an essential requirement for a business to be deemed a mere continuation." Id. (quoting Medina, 760 F.Supp.2d at 271).

Taking the allegations as true for the purposes of the 12(b)(6) Motion to Dismiss, Giovanni and Ferdinando DiBenedetto were hired to work at Rocco's Bakery in a "supervisory capacity." The amended complaint alleges Rocco's LLC is a private for profit limited liability corporation established by the DiBenedetto defendants in 2011. The registration of Rocco's LLC with the Connecticut Secretary of State lists the defendants, Giovanni and Fernando DiBenedetto, as the principals of the company and the defendant, Giovanni DiBenedetto, as the agent for service. The amended complaint further alleges that Rocco's LLC was operated by the same individuals as Rocco's Bakery, operates out of the same address, uses the same telephone number as Rocco's Bakery and produces and sells the same lines of bakery goods to the same customer's as Rocco's Bakery. The plaintiffs' complaint states that Rocco's LLC holds itself out to the public as a continuation of Rocco's Bakery and is a successor entity of Rocco's Bakery for purposes of liability.

While continuity of ownership is a key factor for the mere continuation and *de facto* merger exceptions to the traditional common law rule, the absence of continued legal ownership is not necessarily fatal to plaintiff's claim. While Rocco's LLC argues

that there cannot be continuity of ownership because the DiBenedetto parents own Rocco's LLC and the DiBenedetto sons own Rocco's LLC, continuity of ownership may apply when the purchasing corporation maintains the "same or similar management and ownership but wears a new hat." Medina 760 F. Supp.2d 263, 273. Taking the facts above as true, there existed similar ownership between Rocco's Bakery and Rocco's LLC and as such there was continuity of management and ownership.

The plaintiffs' failure to allege that the predecessor, Rocco's Bakery, cannot provide relief does not preclude plaintiff's claim under the substantial continuity test. It is only one of many factors considered under a totality of the circumstances. For the same reason, the substantial continuity standard does not require a continuity of ownership to support the application of successor liability. The same is true under the Connecticut state common law standard.

While the "traditional common law rule is arguably stricter than both the Connecticut common law standard and the 'substantial continuity standard' which is more a fluid standard focused on the totality of the circumstances," the critical inquiry under each of the three "successor liability approaches is identical." Serpe, 2012 WL 380253 at 14. With continuity of ownership and continuity of management present between Rocco's Bakery and Rocco's LLC, the dispositive analysis under all three standards, as noted by the Serpe court, is whether there is also continuity of "general business operations between the two companies." Id.  Here, the dispositive inquiry is whether Rocco's

LLC is the effective continuation of Rocco's Bakery. The plaintiffs allege this to be true in submitting that Rocco's LLC runs out of the same location, uses the same telephone number, and produces and sells the same baked goods to the same customers as Rocco's Bakery. Taken as true, these facts are sufficient to show that there exists a continuity of general business operations between Rocco's Bakery and Rocco's LLC, and, consequentially, Rocco's LLC is a successor in interest to Rocco's Bakery under all three standards for successor liability.

Thus, the court concludes that taking the facts in the complaint as true, as it must at this stage in the proceedings, the plaintiffs have stated a claim for successor liability with respect to the defendant, Rocco's LLC.

## **CONCLUSION**

Based upon the foregoing, the motion to dismiss the counts one and three of the amended complaint for violations of the Fair Labor Standards Act and Connecticut Wage Payment Law (document 85) are DENIED.

It is so ordered, this 12th day of September, 2013 at Hartford, Connecticut.

/ S /
Alfred V. Covello,
United States District Judge