```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

OLGER NESTOR URENA FLORES,              :
MARIA SABINA FAJARDO DE URENA,          :
MERCEDES BALDROMINA FAJARDO ZUNIGA,     :
ANGELICA ANGELITAD URENA FAJARDO, AND   :
MONICA BEATRIZ OBANDO FAJARDO,          :
     Plaintiffs,                        :
                                        :
v.                                      : CIVIL NO: 3:08CV884(AVC)
                                        :
                                        :
ANTONIO DIBENEDETO a.k.a. ANTONIO       :
D. BENNETTO, ANNA DIBENEDETTO,          :
GIOVANNI DIBENEDETTO,                   :
FERDINANDO DIBENEDETTO, AND             :
ROCCO'S PASTRY SHOP AND BAKERY LLC,     :
     Defendants.
```

## RULING ON THE PLAINTIFFS' MOTION TO COMPEL

This is an action for damages in which the plaintiffs, Nestor Urena, Maria Fajardo, Mercedes Fajardo, Angelica Urena, and Monica Obando assert that the defendants, Antonio DiBenedetto a.k.a. Antonio D. Bennetto (hereinafter "Antonio DiBenedetto"), Anna DiBenedetto, Giovanni DiBennedetto, Ferdinano DiBenedetto, and Rocco's Pastry Shop and Bakery LLC violated the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201 *et seq.*, 42 U.S.C. § 1981 and Connecticut law.

On May 25, 2013, the plaintiffs filed a motion to compel responses to interrogatories and production of documents. The defendants object to further responses to interrogatories and requests for production. For the following reasons, the

plaintiffs' motion to compel is GRANTED in part and DENIED in part.

## STANDARD

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Furthermore, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "The definition of relevance [is] to be liberally construed . . . ." Breon v. Coca-Cola Bottling Co., 232 F.R.D. 49, 52 (D. Conn. 2005). Moreover, the district court has "wide latitude to determine the scope of discovery . . . ." In Re Agent Orange Product Liability Litigation, 517 F.3d 76, 103 (2d Cir. 2008). "The objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive . . . ." Klein v. AIG Trading Group Inc., 228 F.R.D. 418, 422 (D. Conn. 2005) (internal citations and quotation marks omitted).

### I. Interrogatory Nos. 2 through 5

The plaintiffs seek verification that the defendants have no documents in their possession that would enable them to provide more information regarding the dates and hours worked by the

2

plaintiffs, their rates of pay during specific time periods, and wages paid. The plaintiffs argue that the defendants' responses did not identify any documents referred to or relied upon in answering the interrogatories other than the three time cards produced by the defendants. Specifically, the interrogatories provide as follows:

**Interrogatory 2.** Please state any and all dates on which each plaintiff was employed as an employee by the defendant(s). Please identify all documents referred to or relied upon in responding to this interrogatory.

**Interrogatory 3.** Please describe the manner and rate at which each plaintiff was compensated for his/her work for all dates identified in response to Interrogatory 2, above. Please identify all documents referred to or relied upon in responding to this interrogatory.

**Interrogatory 4.** Please state the gross wages earned by each plaintiff for each year in which she was in the defendant's/defendants' employ. Please identify all documents referred to or relied upon in responding to this interrogatory.

**Interrogatory 5.** Please state the number of hours worked by each plaintiff in each week in which she was in the defendant's/defendants' employ. Please identify all documents referred to or relied upon in responding to this interrogatory.

The defendants respond that they have provided the plaintiffs with the few time cards and surveillance video discovered by them.

The court cannot compel the defendants to provide information they do not have or give statements beyond what their memory permits. However, insomuch as it would verify this, the court

3

orders the defendants to confirm that they have in fact completely answered interrogatories 2-5.

## II. Interrogatory No. 18

The plaintiffs seek information for items purchased from out of state vendors. Specifically, Interrogatory 18 provides as follows:

> **Interrogatory 18.** For the period of June 2005 through June 2008, please identify any and all goods or materials purchased by Rocco's Bakery from vendors conducting business outside of Connecticut that were then handled, sold, or otherwise worked on by Rocco's Bakery employees. Please identify any and all documents reviewed or relied upon in answering this interrogatory, including but not limited to commercial contracts or bills.

The defendants state that they are unable to establish the origin of items which they have purchased.

The court concludes that the motion to compel, with respect to Interrogatory No. 18, is DENIED; the court cannot compel the defendants to state information they do not know.

## III. Request for Production Nos. 2 through 10, 13, and 18

The plaintiffs request that the defendants produce documents regarding payroll tax, and wage records. The defendants cite Conn. Gen. Stat. §31-128(f) and state that Connecticut law limits an employer to verifying, not providing documents relating to, dates of employment, the employee's title/position, and wage or salary, unless an exception is met. The plaintiffs

4

argue that the court has the power to order these documents to be released, notwithstanding the strictures of §31-128(f).

The court concludes that requests for production 2 through 10 and 13 are relevant to the plaintiff's FLSA cause of action and, therefore, the motion to compel with respect to these documents is GRANTED. The parties may enter into a joint protective order with regards to non-party confidential information. With respect to request 18, the court orders the defendants to confirm that no documents exist which show *both* hours worked and wages paid.

### IV. Request for Production No. 14

The plaintiffs seek copies of all documents pertaining to the defendant, Rocco's Pastry Shop and Bakery LLC. Specifically, Request 14 provides as follows:

**Request 14.** Please provide copies of all documents relating to the formation, registration, incorporation, etc. of Rocco's Pastry Shop and Bakery LLC, as well as the transition from Rocco's Bakery/ Rocco's Pastry Shop into Rocco's Pastry Shop and Bakery LLC, including but not limited to documents reflecting any change in the address(es) and telephone numbers of the enterprise; documents reflecting the principals and the operators; documents describing the goods purchased as well as goods produced and sold; and documents describing the extent to which Rocco's Pastry Shop & Bakery LLC holds itself out to the public as a continuation of Rocco's Bakery.

The defendants argue that the plaintiffs request is unduly burdensome as to the individual defendants because it was not properly directed to the corporate entity, Rocco's LLC. The

5

plaintiffs reply that the fact that the corporation might have certain documents does not preclude the plaintiffs from seeking the same documents from its owners.

The court concludes the information is relevant and, therefore, the motion to compel with respect to request for production No. 15 is GRANTED.

### V. Request for Production No. 20

The plaintiffs ask the defendants to produce records of leases, rental payments and other documents relating to the period of time when the plaintiffs worked for the defendants. Specifically, Request 20 provides as follows:

**Request 20.** Please produce all documents that refer or relate in any way to any meals, housing, utilities (gas, oil, electric, water, etc.) payments, or transportation provided to one or more Plaintiffs by Defendant(s) or paid for by Defendant(s) for the benefit of one or more of Plaintiffs.

The defendants respond that documents relating to the plantiffs' housing are not relevant to whether or not the plaintiffs were paid minimum wage, overtime wage, or discriminated against at the bakery. The plaintiffs reply that because housing was inextricably intertwined with plaintiff's employment by defendants, documents reflecting this arrangement are clearly relevant to the remaining wage and working conditions causes of action.

6

The court concludes that discovery of housing information is relevant. Therefore, the motion to compel, with respect to request for production No. 15 is GRANTED.

## **CONCLUSION**

Based upon the foregoing, the plaintiffs' motion to compel is GRANTED in part and DENIED in part

It is so ordered, this 8th day of October, 2013 at Hartford, Connecticut.

```
                    /s/
        Alfred V. Covello,
        United States District Judge
```