## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
OLGER NESTOR URENA FLORES,         :
MARIA SABINA FAJARDO DE URENA,     :
MERCEDES BALDROMINA FAJARDO ZUNIGA,:
ANGELICA ANGELITAD URENA FAJARDO, AND :
MONICA BEATRIZ OBANDO FAJARDO,     :
     Plaintiffs,                   :
                                   :
v.                                 : CIVIL NO: 3:08CV884(AVC)
                                   :
                                   :
                                   :
ANTONIO DIBENEDETO a.k.a. ANTONIO  :
D. BENNETTO, ANNA DIBENEDETTO,     :
GIOVANNI DIBENEDETTO,              :
FERDINANDO DIBENEDETTO, AND        :
ROCCO'S PASTRY SHOP AND BAKERY LLC,:
     Defendants.
```

### RULING ON THE PLAINTIFFS' MOTION FOR PROTECTIVE ORDERS

This is an action for damages in which the plaintiffs,
Nestor Urena, Maria Fajardo, Mercedes Fajardo, Angelica Urena,
and Monica Obando assert that the defendants, Antonio
DiBenedetto a.k.a. Antonio D. Bennetto (hereinafter "Antonio
DiBenedetto"), Anna DiBenedetto, Giovanni DiBennedetto,
Ferdinano DiBenedetto, and Rocco's Pastry Shop and Bakery LLC
violated the Fair Labor Standards Act (hereinafter "FLSA"), 29
U.S.C. §201 *et seq.*, 42 U.S.C. § 1981 and Connecticut law. The
plaintiffs seek to recover unpaid wages and other damages
inflicted by the defendants, who are owners, principals,
employees and agents of Rocco's Bakery Shop a.k.a. Rocco's

Bakery. On June 11, 2008, the plaintiffs filed a complaint in this case.

The plaintiffs filed a motion for a protective order with respect to certain documents, status information, and receipts. For the reasons that follow, the motion is GRANTED.

### Standard

Federal Rule of Civil Procedure 26(c) states that "[u]pon motion by a party, . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c). Accordingly, a party seeking a protective order pursuant to Fed R. Civ. P. 26, bears "the burden of showing good cause exists for issuance of that order." In re Agent Orange Product Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987).

### I.   Protective Order Re: Immigration Status

On May 25, 2013, the defendants requested written discovery concerning the plaintiffs' immigration status. The plaintiffs state that evidence of their immigration status is irrelevant. Specifically, the plaintiffs contend that courts have held that the FLSA covers protected workers regardless of their immigration status, and, in some cases, beyond the FLSA into trafficking and false imprisonment causes of action. Campos v.

Zopouindis, 2011 WL 4852491 at 1(D. Conn. Oct. 13, 2011); Topo
v. Dhir, 210 F.R.D. 76 (S.D.N.Y. 2002)). The plaintiffs argue
that the defendants primarily seek the plaintiffs' immigration
status in order to attack their credibility. This strategy has
been rejected by many courts because "the opportunity to test
the credibility of a party does not outweigh the chilling effect
that disclosure of immigration status has on employees seeking
to enforce their rights." Rengifo v. Erevos Enterprises, Inc. WL
894376 (S.D.N.Y. Mar. 20, 2007)

     The defendants respond that immigration status is relevant
to the plaintiffs' wage and overtime cause of action because the
complaint alleges that the defendants paid the plaintiffs in
cash, despite the plaintiffs' request to be paid by check, as
well as alleging the failure to keep adequate records. The
defendants argue that the plaintiffs' immigration status would
explain the absence of written records, an issue that may affect
the "jury's assessment of the credibility" of the plaintiffs'
underpayment cause of action and "assessment of the willfulness
of any found violations." Campos v. Lemay, 2007 U.S. Dist. LEXIS
33877, at 25 (S.D.N.Y. May 7, 2007)).

     The court concludes that the issue of the plaintiffs'
credibility does not outweigh the chilling effect that
disclosure of immigration status has on enforcing their rights.

The motion for a protective order regarding the plaintiffs'
immigration status is GRANTED.

## II.  Protective Order Re: Income Tax Returns

On May 25, 2013 the defendants sought production of the tax
returns filed by the plaintiffs for each of the years in which
they were employed by the defendants. The plaintiffs argue that
although not inherently privileged, courts are normally
reluctant to compel the disclosure of income tax returns, and
require a two-part test to compel disclosure. First, the returns
must be relevant, and second, there must be a compelling need
for the returns because the information is not otherwise freely
attainable. See Rhea v. Uhry, 2007 WL 926908 at 2 (Mar. 26,
2007); Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979).
Specifically, the plaintiffs argue that the two-part test has
not been met by the defendants because they have failed to show
a compelling need for the plaintiffs' tax returns and, even if
the request is found to be relevant to the action, the
information is otherwise readily obtainable.

The defendants respond that the request for production of
income tax returns is not limited to those the plaintiffs may
have filed for wages earned at Rocco's Bakery and are relevant
to the subject of this action. Specifically, the defendants
argue that the documents are probative of whether the plaintiffs
were truly dependent, as alleged in the complaint.

The court concludes that the defendants have not demonstrated a compelling need for the plaintiffs' income tax returns. The motion for a protective order regarding income tax returns is GRANTED.

### III. Protective Order Re: Social Security Numbers

On May 25, 2013 the defendants sought production of the plaintiffs' social security numbers. The plaintiffs argue that courts have recognized that this is a back door attempt to learn of immigration status. Rengifo WL 894376 at *3 (S.D.N.Y. Mar. 20, 2007). Specifically, the plaintiffs argue that the need to test their credibility does not outweigh the chilling effect that the disclosure would have in their pursuit to enforce their rights.

The defendants did not specifically respond to the provisions of plaintiffs' protective order regarding prohibiting discovery of the plaintiffs' social security numbers. However, as noted above, the defendants argued that the plaintiffs' immigration status would explain the absence of written records, an issue that may affect the jury's assessment of the credibility of the plaintiffs' underpayment cause of action and assessment of the willfulness of any found violations.

The motion for a protective order regarding social security numbers is GRANTED.

**CONCLUSION**

For the foregoing reasons, the plaintiffs' motion for protective order (**document no. 97**) is granted.

*So ordered this 8th day of October, 2013 at Hartford, Connecticut.*

_____/s/_____
Alfred V. Covello, U.S.D.J.